NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 28 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JONATHAN SAVAS; et al.,

Plaintiffs-Appellants,

v.

CALIFORNIA STATE LAW
ENFORCEMENT AGENCY, a labor
organization; et al.,

Defendants-Appellees.

No.  20-56045

D.C. No.
3:20-cv-00032-DMS-DEB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, Chief District Judge, Presiding

Argued and Submitted February 8, 2022
Portland, Oregon

Before: PAEZ and NGUYEN, Circuit Judges, and TUNHEIM,[**] District Judge.

Plaintiffs-Appellants Jonathan Savas, et al. (the "Lifeguards") appeal the

district court's dismissal for failure to state a claim on their 42 U.S.C. § 1983

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]       The Honorable John R. Tunheim, Chief United States District Judge
for the District of Minnesota, sitting by designation.

claims against Defendants-Appellees California Statewide Law Enforcement Agency ("CSLEA" or "union") and Betty Yee and Xavier Becerra in their official capacities (the "State Defendants"). The Lifeguards are union members of CSLEA. They allege that CSLEA and the State Defendants violated their First Amendment rights by enforcing a maintenance of membership requirement that limited the period within which the Lifeguards could resign their union membership. We have jurisdiction under 28 U.S.C. § 1291.

This Court's decision in *Belgau v. Inslee* controls. 975 F.3d 940 (9th Cir. 2020). The Lifeguards, who agreed to become union members, argued that the maintenance of membership requirement, located in the collective bargaining agreement and incorporated into their membership applications, is unconstitutional under *Janus v. AFSCME, Council 31*, 138 S. Ct. 2448 (2018).

"Neither an agency fee nor any other payment to the union may be deducted from a nonmember's wages, nor may any other attempt be made to collect such a payment, unless the employee affirmatively consents to pay." *Janus*, 138 S. Ct. at 2486. The Lifeguards do not argue that union membership was a requirement of employment and agree that they voluntarily chose to join the union. The district court correctly concluded that the holding in *Janus* applied to nonunion members only and because the Lifeguards are union members, *Janus* is inapplicable here.

The Lifeguards cannot escape this conclusion by arguing they become nonmembers once they make their resignation known to the union. A member of a union continues to be bound by the requirements of their membership application, including their duty to pay dues, even if they decide that they no longer want the benefits of union membership. *See N.L.R.B. v. U.S. Postal Serv.*, 827 F.2d 548, 554 (9th Cir. 1987) ("A party's duty to perform . . . is not excused merely because he decides that he no longer wants the consideration for which he has bargained.").

The Lifeguards have made no serious argument that they were compelled to join the union. Though the Lifeguards had to choose, at the time they joined, between an agency fee and union membership, the Lifeguards still made the affirmative choice to become members. Furthermore, any assertion of compulsion is undermined by the fact that the Lifeguards had the opportunity to resign their membership during the June 2019 opt-out window, after the decision in *Janus* had rendered agency fees unconstitutional.

As the Court explained in *Belgau*, "[t]he First Amendment does not support [a union member's] right to renege on their promise to join and support the union." *Belgau*, 975 F.3d at 950. The Lifeguards entered into a contract with the union through which they agreed to be bound by certain limitations on when they could

resign that membership.[1]  The contractual term that bound the Lifeguards to the maintenance of membership requirement was neither uncertain, indefinite, or ambiguous.  The fact that the maintenance of membership requirement appeared in a separate document does not render the term unenforceable.  *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1269 (9th Cir. 2017) ("Under California law, a contract and a document incorporated by reference into the contract are read together as a single document.").  When "legal obligations are self-imposed, state law, not the First Amendment, normally governs."  *Belgau*, 975 F.3d at 950 (quoting *Cohen v. Cowles Media Co.*, 501 U.S. 663, 671 (1991)) (cleaned up).  Thus, a maintenance of membership requirement is not invalidated by the First Amendment because the limitation stems from a private agreement.

*Belgau* requires this conclusion.  There are no meaningful distinctions between this case and *Belgau* that persuade us a different outcome is warranted.  The only potentially relevant difference is that the irrevocability period in *Belgau* was one year whereas here it is four.  But the Lifeguards have failed to present any

---

[1] This conclusion presumes that there was a valid contract between the Lifeguards and CSLEA.  The district court held that a contract existed between the Lifeguards and the CSLEA via the membership applications.  We must accept this finding unless we have a "definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Const. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993).  As the Lifeguards have not provided more than brief allegations that the district court committed clear error, no mistake was committed.  Thus, there was a valid contract between the Lifeguards and CSLEA.

plausible reason why an irrevocability period of one year is constitutionally permissible, but four years would not be. Thus, we affirm the district court's holding that the Lifeguards have failed to state a plausible claim because the maintenance of membership requirement does not implicate the First Amendment.[2]

**AFFIRMED.**

---

[2] The claims against CSLEA also fail for lack of stat action under *Belgau*.